UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KINSALE INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>v.<br><br>CLEARVIEW HORIZON, INC.<br><br>        Defendant. | Case No. 2:21-cv-00360-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant Clearview Horizon, Inc.'s ("Clearview") Motion to Dismiss due to Lack of Personal Jurisdiction and Improper Venue, or, in the Alternative, Motion to Change Venue ("Motion to Dismiss"). Dkt. 5. Having reviewed the record, the Court finds the parties have adequately presented the facts and legal arguments in the briefs. Accordingly, in the interest of avoiding further delay, and because the Court finds the decisional process would not be significantly aided by oral argument, the Court decides the pending motion on the record and without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

Upon review, and for the reasons set forth below, Clearview's Motion to Dismiss is GRANTED.

## II. BACKGROUND

Plaintiff Kinsale Insurance Company ("Kinsale") is an eligible surplus lines insurance company incorporated in Arkansas, with its principal place of business in

Richmond, Virginia. Clearview is a domestic profit corporation of good standing in Montana, with its principal place of business in Heron, Montana. On or about April 3, 2020, Kinsale issued a Professional and General Liability Policy to Clearview, policy number 0100111759-0 ("Kinsale Policy" or the "Policy"). Kinsale requests that the Court declare there is no coverage under the Policy, and, because coverage under the Policy is purportedly precluded, Kinsale further asks the Court to find that Kinsale does not have a duty to defend or indemnify Clearview for underlying tort claims made against it.

Clearview operates a therapeutic boarding school in Montana. Clearview purchased liability insurance through PayneWest Insurance, Inc. ("PayneWest"). Clearview's representative worked with PayneWest's Missoula, Montana office to obtain insurance for Clearview's operations. PayneWest procured Markel Insurance Police No. QBSMMN000711 for the term beginning October 16, 2020, and ending October 16, 2021. PayneWest also procured the Kinsale Policy, which covered the term beginning April 1, 2020, and ending April 1, 2021.[1] In January and April of 2021, students who attended Clearview's Montana boarding school filed tort claim lawsuits against Clearview in Montana state court ("state court lawsuits"). The students allege they suffered emotional distress as a result of the negligence of Clearview and two of its employees.

Clearview tendered the state court lawsuits to Markel and Kinsale. In response, Markel filed a declaratory judgment action in the United States District Court for the District of Montana. Like Kinsale in this action, Markel seeks a declaration that it is not

---

[1] Clearview later extended its general liability coverage to April 1, 2023.

obligated to provide a defense to Clearview in the state court lawsuits. Clearview answered Markel's complaint and also filed a Third-Party Complaint against PayneWest for failing to procure appropriate insurance coverage. The Markel suit remains pending in the District of Montana. On September 9, 2021, Kinsale filed the instant suit against Clearview in the District of Idaho.

Clearview's physical address is 20 Bear Foot Lane, Heron, MT 59844. Clearview's principal place of business is registered with the Montana Secretary of State as 54 Serenity Lane, Heron, Montana 59844. However, because Clearview's facility is located in a rural area, and for convenience and reliability, Clearview receives mail at a post office box located in Clark Fork, Idaho, which is approximately 20 minutes away from Clearview's Montana campus. As such, documentation relating to the Kinsale Policy lists Clearview's mailing address as P.O. Box 155, Clark Fork, Idaho 83811 ("Idaho mailing address"). The same documentation identifies Jason Thielbahr, Clearview's managing member and Corporate Secretary, as the contact for Clearview. Given this, and because Thielbahr resides in Idaho, Kinsale served Thielbahr with the instant Complaint and Summons at his home address in Idaho.[2]

Thielbahr was served on September 13, 2021, and Clearview's response to the Complaint was due on October 4, 2021. On September 27, 2021, Clearview asked Kinsale for "an additional two weeks to [a]nswer or move to change venue." Dkt. 10-9, at 2.[3]

---

[2] Prior to filing the instant suit, Kinsale's counsel obtained a Business Entity Report for Clearview from the Montana Secretary of State. The Business Entity Report identified Thielbahr as Clearview's Corporate Secretary, and provided Thielbahr's home address in Sandpoint, Idaho. Dkt. 10-7, ¶ 3–5; Dkt. 10-8.

[3] Page citations are to the ECF-generated page number.

Kinsale agreed to a two-week extension for Clearview to "[a]nswer or move to change venue," and Clearview's response deadline was accordingly October 18, 2021. *Id.* On October 18, 2021, Clearview notified Kinsale that it would instead be filing a motion to dismiss based on lack of personal jurisdiction and improper venue. Dkt. 11-2, at 1. Later that day, Clearview filed the instant Motion.

### III. LEGAL STANDARDS

Clearview moves to dismiss Kinsale's Complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, and under Rule 12(b)(3) for improper venue. In the alternative, Clearview contends the Court should transfer this case to the District of Montana.

#### A. Rule 12(b)(2)

When a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff "bear[s] the burden of demonstrating that jurisdiction is appropriate." *Dole Food, Inc. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002) (citation omitted). In determining whether the plaintiff has met this burden, the "'uncontroverted allegations in the complaint must be taken as true" and "[c]onflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Id.* Where, as here, a court resolves the question of personal jurisdiction using motions and supporting affidavits, and without an evidentiary hearing, the plaintiff "must make only a prima facie showing of jurisdictional facts through the submitted materials in order to avoid a defendant's motion to dismiss." *Data Disc., Inc. v. Sys. Tech. Associates Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977).

When there is "no applicable federal statute governing personal jurisdiction, the

district court applies the law of the state in which the district court sits." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006) ("*La Ligue*") (citations omitted). Idaho's long-arm statute, "codified in Idaho Code § 5-514, allows a broader application of personal jurisdiction than the Due Process Clause." *Wells Cargo, Inc. v. Transport Ins. Co.*, 676 F. Supp. 2d 1114, 1119 (D. Idaho 2009). As such, the Court need only look to the Due Process Clause to determine personal jurisdiction. *Id*. A court's exercise of jurisdiction over a nonresident defendant complies with federal due process if the defendant has "at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Dole Food*, 303 F.3d at 1110–11 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

"Sufficient minimum contacts can result in general or specific jurisdiction." *Wells Cargo*, 676 F. Supp. at 1119. A state may assert general jurisdiction over a nonresident defendant if the defendant's activities are "substantial or continuous and systematic . . . even if the cause of action is unrelated to those activities." *Haisten v. Grass Valley Med. Reimbursement Fund, Ltd*., 784 F.2d 1392, 1396 (9th Cir. 1986) (cleaned up). "The standard for establishing general jurisdiction is fairly high, and requires that the defendant's contacts be of the sort that approximate physical presence" in the forum state. *SpeedConnect LLC v. Idaho Falls Wireless P'ship*, 960 F. Supp. 2d 1114, 1120 (D. Idaho 2013).

If a defendant has not had continuous and systematic contacts with the forum state sufficient to confer general jurisdiction, a court may exercise "specific jurisdiction" over

the defendant if the defendant's "contacts with the forum gave rise to the cause of action before the court." *Wells Cargo*, 676 F. Supp. at 1119 (citation omitted). The Ninth Circuit has established a three-prong test for analyzing a claim of specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; *or* perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*Dole Food*, 303 F.3d at 1111 (emphasis in original) (citations omitted).

The plaintiff bears the burden of satisfying the first two prongs of the specific jurisdiction test. *Menken v. Emm*, 503 F.3d 1050, 1057 (9th Cir. 2007). If the plaintiff does so, the burden shifts to the defendant to come forward with a compelling case that the exercise of jurisdiction would not be reasonable. *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008). "But if the plaintiff fails at the first step, the jurisdictional inquiry ends and the case must be dismissed." *Id.* (citing *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006)).

### B. Rule 12(b)(3)

A party may bring a motion to dismiss an action for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). When venue is improper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Where, as here, subject matter

jurisdiction is founded solely on diversity of citizenship, venue is appropriate in, *inter alia*, a judicial district where the defendant resides. 28 U.S.C. § 1391(b)(1). An entity defendant is deemed to reside "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question[.]" 28 U.S.C. § 1391(c)(2). As with personal jurisdiction, the plaintiff bears the burden of showing that venue is proper. *Piedmont Label Co. v. Sun Garden Packing Co*., 598 F.2d 491, 496 (9th Cir. 1979).

### C.  Venue Transfer

A district court may, "for the convenience of parties and witnesses," and "in the interest of justice," transfer "any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Motions to transfer venue under § 1404(a) involve a two-step inquiry. First, the court must determine whether the proposed transferee court is one where the action might have been brought. *Hatch v. Reliance Ins. Co*., 758 F.2d 409, 414 (9th Cir. 1985). Second, provided the case could have been brought in the transferee forum, the court must balance the plaintiff's interest in choosing a forum against the aggregate considerations of convenience and fairness. *Jones v. GNC Franchising, Inc*., 211 F.3d 495, 498–99 (9th Cir. 2000).

In striking the aforementioned balance, a court may consider the following non-exhaustive list of factors: (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of

litigation in the chosen and transferee forum; (7) the availability of the compulsory process to compel attendance of unwilling non-party witnesses; and (8) the ease of access to sources of proof. *Id.* The moving party bears the burden of showing a transfer of venue is appropriate. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).

### III. ANALYSIS

In response to Clearview's Motion to Dismiss, Kinsale argues: (1) Clearview's Motion to Dismiss is untimely; (2) the Court has both general and specific jurisdiction over Clearview; (3) venue is proper in Idaho; and (4) the District of Montana is not a more appropriate forum. Clearview disputes each of Kinsale's contentions.

#### A. Timeliness

Kinsale argues the Motion to Dismiss is untimely because, although Kinsale agreed to allow Clearview a two-week extension for Clearview to "[a]nswer or move to change venue," Kinsale did not give Clearview an extension to move to dismiss the Complaint. Dkt. 10, at 16. Kinsale contends it did not authorize, and Clearview did not request, an extension to file a motion to dismiss. As such, Kinsale suggests Clearview's Motion to Dismiss was due on October 4, 2021, and Clearview's October 18, 2021 Motion to Dismiss should be denied as untimely.

Under the Federal Rules of Civil Procedure, a defendant in any civil action must serve an answer "within 21 days after being served with the summons and complaint[.]" Fed. R. Civ. P. 12(a)(1)(A)(ii). Pursuant to Federal Rule of Civil Procedure 12(h)(1), a party waives any defense identified in Federal Rule of Civil Procedure 12(b)(2)–(5) if such

MEMORANDUM DECISION AND ORDER - 8

defenses are omitted from the first defensive move—whether it be a Rule 12 motion or a responsive pleading. *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1106 (9th Cir. 2000).

Nevertheless, when the defendant raises the defense of lack of personal jurisdiction in a motion that is the first response to the complaint, the fact that the motion is filed more than 21 days after the complaint is served does not mean that the defense was waived. *Bechtel v. Liberty Nat'l Bank*, 534 F.2d 1335, 1340 (9th Cir. 1975); 27A Fed. Proc., L. Ed. § 62:375 (November 2021 Update); 5C Wright & Miller, Federal Practice and Procedure § 1391 (3d ed. 2021 Update) ("Simply put, there is no warrant for treating the passage of the Rule 12(a) period as a basis for waiver of Rule [12(b)(2)–12(b)(5)] motions; a motion is timely as long as it is made before the filing of a responsive pleading"); *Aetna Life Ins. Co. v. Alla Med. Services,* 855 F.2d 1470, 1474 (9th Cir. 1988) ("This circuit allows a motion under Rule 12(b) any time before the responsive pleading is filed."). Although Federal Rule of Civil Procedure 12(h) provides a party waives any defense listed in Rule 12(b)(2)-(5) by failing to include the defense in a responsive pleading, the Rule does not state that waiver will be found if the defendant's motion to dismiss is untimely. *Bechtel*, 534 F.2d at 1341. Instead, the Rule only requires that defendant's first response to the complaint must raise the jurisdictional issue. *Id*.

Here, Clearview raised its personal jurisdiction and venue defenses in the Motion to Dismiss—its first responsive filing. Clearview's Motion to Dismiss is thus timely. *Id.* Further, "if an extension of time has been allowed for filing a responsive pleading, logic and reason would appear to dictate that the extension should apply to a motion as well."

*Id.* The Court accordingly rejects Kinsale's argument that Clearview's Motion to Dismiss should be dismissed as untimely because Kinsale only authorized an extension for Clearview to answer or move to change venue, and not an extension to file a motion to dismiss. Kinsale's consent to extend Clearview's response deadline also extended the deadline for Clearview to move to dismiss Kinsale's Complaint.

Because its Motion to Dismiss was timely, the Court turns next to Clearview's argument that the Court lacks personal jurisdiction.

**B. Personal Jurisdiction**

While Clearview maintains the Court lacks either general or specific jurisdiction over Clearview, Kinsale contends Clearview "is physically present in Idaho sufficient to invoke general jurisdiction." Dkt. 10, at 6. Alternatively, Kinsale suggests it is reasonable for the Court to exercise specific jurisdiction over Clearview because Clearview's conduct specifically related to the instant suit constitutes purposeful availment.[4]

*1. General Jurisdiction*

Clearview argues it does not engage in continuous and systematic activities in Idaho because its boarding school, physical address, administrative offices, and principal place of business are each in Montana. Kinsale counters by highlighting Clearview's contacts with Idaho. For instance, at all times when communicating with Kinsale, Clearview provided an Idaho mailing address. Both Clearview's Initial Application for insurance ("Initial Application"), and subsequent New Business Residential Operations Application

---

[4] If a defendant has purposefully availed itself of conducting activities in the forum, the exercise of jurisdiction is presumed to be reasonable. *Haisten*, 784 F.2d at 1397.

("New Business Application"), identified Clearview's Idaho mailing address. Thielbahr, on behalf of Clearview, submitted the Initial Application to Kinsale through PayneWest. Thielbahr signed the Initial Application and the New Business Application. As noted, Thielbahr's home address is in Sandpoint, Idaho.

The Kinsale Policy itself also listed Clearview's Idaho mailing address, as did the February 19, 2021, and May 12, 2021 General Notice(s) of Liability/Claims Clearview submitted to Kinsale regarding the state court lawsuits. Both of the aforementioned notices identified Thielbahr as Clearview's contact or the "name of the insured." Dkts. 10-5, 10-6. Thielbahr was also listed as a contact for Clearview in documentation related to the Kinsale Policy.[5] Dkt. 10-7, ¶ 7. In addition, Kinsale argues Clearview's admitted continuous and systematic use of its Idaho mailing address presumably means any mailed communications relating to Clearview's boarding school are directed to Idaho, sent to Idaho, and received by Clearview in Idaho.

Despite Clearview's Idaho mailing address and Thielbahr's residence in Idaho, the Court finds Clearview's contacts with Idaho are insufficient to establish general jurisdiction. "For general jurisdiction to exist over a nonresident defendant such as [Clearview], the defendant must engage in continuous and systematic general business contacts that approximate physical presence in the forum state." *Schwarzenegger v. Fred*

---

[5] Kinsale suggests Thielbahr is the *only* contact for Clearview in Kinsale's documentation related to the Policy. *Id.* However, Clearview's Initial Application identified not only Thielbahr, but also three other individuals, as contacts for Clearview. Dkt. 10-2, at 2. Thielbahr signed Clearview's New Business Application, but the Application listed two other individuals as Clearview's Inspection/Audit contacts. Dkt. 10-3, at 2. The Policy names Clearview as the insured and does not identify a contact for Clearview. Dkt. 10-4.

*Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (cleaned up). This is "an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Id.* (citing *Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986)); *see also La Ligue*, 433 F.3d at 1205 (explaining general personal jurisdiction requires that the defendant's contacts with a forum be "so substantial, continuous, and systematic that the defendant can be deemed to be present in that forum for all purposes."). Given this standard, the "Supreme Court and the Ninth Circuit Court of Appeals have rarely found general jurisdiction even where contacts are 'quite extensive.'" *Stairmaster Sports/Med. Products, Inc. v. Pac. Fitness Corp.*, 916 F. Supp. 1049, 1052 (W.D. Wash. 1994) (quoting *Amoco Egypt Oil Co. v. Leonis Nav. Co., Inc.*, 1 F.3d 848, 851 n. 3 (9th Cir. 1993)).

In assessing whether a defendant's activities qualify as "continuous and systematic," the Ninth Circuit considers all of the nonresident defendant's activities that impact the forum state, "including whether the defendant makes sales, solicits or engages in business, serves the state's markets, designates an agent for service of process, holds a license, has employees, or is incorporated there." *Hirsch v. Blue Cross, Blue Shield of Kansas City*, 800 F.2d 1474, 1478 (9th Cir. 1986) (citations omitted). Additional relevant factors may include whether the defendant has offices, owns property, is registered to do business, or pays taxes in the forum state. *Stairmaster Sports/Med. Products*, 916 F. Supp. at 1052.

"With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (cleaned up). "Only in an 'exceptional case' will general jurisdiction be

available anywhere else." *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014) (quoting *Daimler*, 571 U.S. at 137)). Clearview is not incorporated or licensed to do business in Idaho; it is a corporation licensed in Montana and organized and existing under the laws of the State of Montana. Dkt. 7, ¶ 3. Clearview's principal place of business is in Montana and its administrative offices, students, and employees are all in Montana.[6] *Id.*; Dkt. 11, at 3. There is also no evidence in the record to suggest Clearview has offices or pays taxes in Idaho. That Clearview uses an Idaho mailing address does not constitute an exceptional circumstance warranting a finding of general jurisdiction in Idaho, particularly when none of allegations in Kinsale's Complaint or affidavits suggest Clearview makes sales in Idaho, solicits or engages in business in Idaho, or serves Idaho's markets. And, although Thielbahr is identified as Clearview's contact on various documents, Thielbahr is not Clearview's registered agent for service of process. Dkt. 10-8. Clearview's registered agent is instead located in Missoula, Montana. *Id.* Clearview also does not maintain a telephone number or have any property in Idaho. Dkt. 11, at 3.

In light of such facts, the Court finds Clearview's use of an Idaho mailing address and Thielbahr's home address in Idaho do not establish general jurisdiction. Such contacts are much less significant than those the Supreme Court and Ninth Circuit have held insufficient to constitute the "presence" required to establish general jurisdiction. *Schwarzenegger*, 374 F.3d at 801 (finding defendant's sales contracts with automobile suppliers including a California choice of law provision, as well as defendant's regular

---

[6] Although Thielbahr lives in Idaho, he "works for Clearview in Montana and maintains his administrative offices for Clearview in Montana." Dkt. 11, at 7.

purchase of vehicles imported by California entities, retention of California-based marketing and consulting companies, and use of a website accessible in California, were insufficient to establish general jurisdiction in California); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984) (holding forum state lacked general jurisdiction over foreign corporation that accepted checks drawn on a forum bank, sent its chief executive officer to the forum for a contract-negotiation session, purchased equipment regularly from the forum, and sent personnel to the forum to be trained); *Brand*, 796 F.2d at 1073 (finding defendant did not have "substantial contacts" with California although it made car sales to California residents—including to the plaintiff); *Cubbage v. Merchent*, 744 F.2d 665, 667–68 (9th Cir. 1984) (holding forum state did not have general jurisdiction over doctors although they had a significant number of patients in the forum, used the forum's state medical insurance system, and were listed in a telephone directory that reached forum); *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1330–31 (9th Cir. 1984) (finding Arizona lacked general jurisdiction over defendants even where (1) defendants solicited distributorship agreement in Arizona and visited Arizona a number of times, (2) the purchase agreements between plaintiff and defendants contained an Arizona choice of law and forum provision, (3) defendants purchased spare parts from plaintiff in Arizona, and (4) the defendants sent many letters and made numerous phone calls to Arizona).

Moreover, several courts have specifically held the maintenance of a post office box or receipt of mail in the forum state does *not* create general personal jurisdiction. *See Sussman v. Resort*, 2020 WL 5223751, at *3 (C.D. Cal. May 14, 2020) (finding defendant's

use of California post office box and advertisement on website accessible in California were not sufficient to constitute "continuous and systematic" contacts in California); *Vacless Sys. v. Vac-Alert IP Holdings, LLC*, 2011 WL 13217924, at *3 (C.D. Cal. 2011) ("[C]ourts have found contact by mail or the maintenance of a post office box are insufficient to create general personal jurisdiction"); *Carmouche v. Tamborlee Mgmt.*, 789 F.3d 1201, 1204 (11th Cir. 2015) (finding defendant's alleged contacts including having a Florida bank account, maintaining a Florida post office box, purchasing insurance from Florida companies, filing a financing statement with the Florida Secretary of State, joining a non-profit organization based in Florida, and consenting to jurisdiction in the Southern District of Florida for all lawsuits arising out of agreements with co-defendant, were insufficient to establish physical presence in Florida); *D.S. Brown Co. v. White-Schiavone, JV*, 537 F. Supp. 3d 36, 43 (D. Mass. 2021) (explaining plaintiff's suggestion that defendant "is registered to do business in Massachusetts and maintains a P.O. Box in Boston falls far short of the exceptional circumstances warranting the exercise of this Court's general jurisdiction") (cleaned up).

In short, Clearview's use of an Idaho mailing address and Thielbahr's residence in Idaho do not approximate "physical presence" in Idaho. *Schwarzenegger*, 374 F.3d at 801. Because it lacks general jurisdiction, the Court turns next to the parties' arguments regarding specific jurisdiction.

### 2.  *Specific Jurisdiction*

Clearview argues its use of the Idaho mailing address and Thielbahr's residence in Idaho are also insufficient to satisfy the purposeful availment prong required for specific

jurisdiction.[7] The Court must agree.

a. Purposeful Availment

Under the first prong of the specific personal jurisdiction test, Kinsale must establish that Clearview either purposefully availed itself of the privilege of conducting activities in Idaho, or purposefully directed its activities toward Idaho. *Id.* at 802. While a purposeful direction analysis is generally used in suits involving torts, a purposeful availment analysis is most often used where, as here, the suit sounds in contract. *Id.* (citations omitted).

 "A showing that a defendant purposefully availed himself of the privilege of doing business in a forum state typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract there." *Id*. By taking such actions, a defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Id.* (cleaned up). In return for such "'benefits and protections,' a defendant must—as a quid pro quo—'submit to the burdens of litigation in that forum.'" *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)).

The parties' affidavits do not identify where the Policy was executed or negotiated, and both sides instead rely on attorney argument with respect to this issue. In response to Clearview's Motion to Dismiss, Kinsale's counsel speculates that Thielbahr likely executed the Kinsale Policy from his Idaho residence, since much of the world was quarantined due to the COVID-19 pandemic when Thielbahr signed Clearview's Initial

---

[7] Relying on this basis, Clearview does not address the second or third prongs of the specific jurisdiction test.

Application on March 9, 2020, as well as Clearview's New Business Application on March 31, 2020. Kinsale does not cite any evidence to support this assumption, and Kinsale itself recognizes there is "support for a finding that the policy was negotiated and executed in Virginia, where Kinsale conducts its day-to-day business."[8] Dkt. 10, at 18. Clearview argues it executed and negotiated the Policy in Montana because Clearview purchased the Kinsale Policy in Montana, through PayneWest—a Montana insurance broker—to insure Clearview's property and activities in Montana. Regardless of whether the contract was executed or negotiated in Virginia or in Montana, there is *no evidence* in the record to support finding the Policy was executed or negotiated in Idaho.

Nor does the performance of the contract require Kinsale to engage in any business in Idaho. Although Kinsale highlights that documentation regarding the Kinsale Policy was sent to Clearview's Idaho mailing address, it does not argue the Kinsale Policy was performed in Idaho. Dkt. 10-1, ¶ 17. When assessing whether a party has purposefully availed itself of a forum state, the Supreme Court has "emphasized the need for a 'highly realistic' approach that recognizes that a 'contract' is 'ordinarily but an intermediate step serving to tie up prior business negotiations with future consequences which themselves are the real object of the business transaction.'" *Burger King*, 471 U.S. at 479 (quoting *Hoopeston Canning Co. v. Cullun*, 318 U.S. 313, 316–317 (1943)). The "contemplated future consequences" of a contract "must be evaluated in determining whether the

---

[8] In the absence of an evidentiary hearing, the Court must accept all uncontroverted allegations in a plaintiff's complaint and affidavits. *Dole Food*, 303 F.3d at 1108. However, Kinsale does not allege Thielbahr executed the Kinsale Policy in Idaho in its Complaint or in any of its Affidavits—it simply makes this argument in its briefing. As such, the Court need not accept Kinsale's speculation regarding Thielbahr's location at the time the Policy was executed.

MEMORANDUM DECISION AND ORDER - 17

defendant purposefully established minimum contacts within the forum." *Burger King*, 471 U.S. at 479. With respect to the instant dispute, the future "consequence" of the Kinsale Policy is that Kinsale may be obligated to provide Clearview with a defense in Montana against the state court lawsuits. Further, since Clearview is located in Montana, with its boarding school, administrative offices, students, and employees in Montana, it is also unlikely that *any* event insured under the Kinsale Policy would occur in Idaho. As such, there appears to be no relation between the "future consequences" of the Policy and the State of Idaho.

In addition to contemplated future consequences, the terms of a contract are relevant to the purposeful availment analysis. *Burger King*, 471 U.S. at 479. The Kinsale Policy's forum selection clause stated Kinsale "will submit to the jurisdiction of any court of competent jurisdiction within the United States or Canada," and that all matters arising under the Kinsale Policy "shall be determined in accordance with the choice of law rules of such court." Dkt. 10-4, at 19. That the Policy did not contain either an Idaho forum selection clause, or an Idaho choice of law provision, undermines Kinsale's claim that Clearview could reasonably expect to be sued by Kinsale—an Arkansas corporation with its principal place of business in Virginia—in Idaho. *Burger King*, 471 U.S. at 482 (finding forum selection clause in relevant contract, combined with plaintiff's relationship with the defendant, reinforced the defendant's "deliberate affiliation with the forum State and the reasonable foreseeability of possible litigation there); *Gates*, 743 F.2d at 1331 (finding defendant should have reasonably anticipated being sued court in Arizona where, among other things, the contract at issue specifically provided that it was governed by Arizona

law).

Ultimately, a defendant can be found to have personally availed itself of the forum state when its "conduct and connection with the forum State are such that [it] should reasonably anticipate being haled into court there." *World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Kinsale argues Clearview could expect to be sued in Idaho because the Kinsale Policy specifically listed Idaho as Clearview's location, as did Clearview's February and May Claim Notices. Dkt. 10, at 14 (citing Dkts. 10-4–10-6). However, the first page of the Kinsale Policy identified Clearview's location as 20 Bear Foot Lane, Heron, MT 59844. Dkt. 10-4, at 2. Clearview's New Business Application provided Clearview's "location address" as 20 Bear Foot Lane, Heron, Montana 59844. Dkt. 10-3, at 2. Clearview's February 19, 2021 Notice of Occurrence/Claim also listed 20 Bear Foot Lane, Heron, Montana 59844 as the "location of occurrence." Dkt. 10-5, at 2. Clearview's May 12, 2021 Notice of Occurrence/Claim did not identify either Clearview's location, or the "location of occurrence." Dkt. 10-6, at 2. Thus, Kinsale's contention that the Kinsale Policy and communications regarding the Policy identified Idaho as Clearview's location is not supported by the documents it cites.

Although Clearview did list its Idaho mailing address in documentation regarding the Policy, Clearview's place of incorporation, principal place of business, business license, registered agent, physical location, administrative offices, day-to-day business operations, employees, and students are in Montana. Dkt. 7, ¶¶ 3, 6–7; Dkt. 10-2, at 2 (identifying Clearview's Montana State license); Dkt. 11, at 3. Clearview purchased the Kinsale Policy for its facility in Montana, used a Montana insurance broker to obtain the

Kinsale Policy, and paid its insurance premiums from its Montana offices. Dkt. 7, ¶¶ 9–10. As noted, the location of the event for which Clearview seeks coverage is also in Montana and Kinsale does not suggest the Policy's coverage area extended into Idaho.

Kinsale does highlight Thielbahr lives in Idaho and that Kinsale served Thielbahr with the instant complaint at his residence in Idaho. Yet, Kinsale does not cite any authority to suggest the home address of a corporation's employee can support specific jurisdiction, nor any evidence to suggest Thielbahr works in Idaho, rather than at Clearview's Montana administrative offices. Moreover, Kinsale obtained Thielbahr's home address by requesting Clearview's Business Entity Report from the Montana Secretary of State. Dkt. 10-7, ¶ 3. The Business Entity Report specifically identified Clearview's Registered Agent, William Van Canagan, and also provided Van Canagan's Montana address. Dkt. 10-8. Kinsale does not offer an explanation for its decision to serve Thielbahr at his home address rather than serving Clearview's registered agent at his designated address in Montana. Further, the Ninth Circuit has held the service of documents in a forum is not a sufficient basis for personal jurisdiction. *La Ligue*, 433 F.3d at 1209.

"To have purposefully availed itself of the privilege of doing business in the forum, a defendant must have 'performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state.'" *Boschetto*, 539 F.3d at 1016. Parties "'who reach out beyond one state and create continuing relationships and obligations with citizens of [the forum state] are subject to personal jurisdiction in that forum.'" *SpeedConnect*, 960 F. Supp. 2d at 1122 (quoting *Burger King*, 471 U.S. at 473). Relying on an Idaho mailing address for convenience does not strike the Court as

MEMORANDUM DECISION AND ORDER - 20

"affirmative conduct" which promotes the transaction of business in Idaho. *Id.* Kinsale does not contend Clearview gains revenue from Idaho or that Clearview provides services to Idaho residents. Nor has Kinsale identified any continuing relationships or obligations between Clearview and the citizens of Idaho.

Finally, although Clearview instructed Kinsale to mail Policy documents to Clearview's Idaho mailing address, Clearview submitted both its Initial Application and New Business Application to Kinsale via email, through PayneWest, a Montana corporation. Dkt. 10-1, ¶¶ 3, 5. On its Initial Application, New Business Application, February 19, 2021 General Notice of Occurrence/Claim,[9] and May 12, 2021 General Notice of Occurrence/Claim, Clearview also provided a Montana phone number, as well as a Clearview email address, for Thielbahr's contact information. Dkts. 10-2, 10-3, 10-5, 10-6. Thus, while Kinsale mailed Policy documents to Clearview's Idaho mailing address, it appears direct communications between the parties occurred over email and/or telephone, between Clearview's location in Montana and Kinsale's principal place of Virginia.

In sum, Kinsale has not shown Clearview purposefully availed itself of the privilege of conducting activities in Idaho. Because Kinsale fails at the first step of the specific jurisdiction analysis, the Court's jurisdictional inquiry ends and this case must be dismissed.[10] *Boschetto*, 539 F.3d at 1016; *Schwarzenegger*, 374 F.3d at 802.

---

[9] In addition to his Montana phone number, the February and May Notices also provided a Washington cell phone number for Thielbahr. Dkt. 10-5, at 2; Dkt. 10-6, at 2.

[10] Since it lacks personal jurisdiction over Clearview, the Court need not consider Clearview's arguments regarding improper venue or venue transfer.

## IV. ORDER

Now, therefore, **IT IS HEREBY ORDERED**:

1.  Clearview's Motion to Dismiss (Dkt. 5) is **GRANTED.** Kinsale's claim against
    Clearview is dismissed without prejudice with leave to file in an appropriate
    jurisdiction;

2.  The Court will enter a separate judgment pursuant to Federal Rule of Civil
    Procedure 58.

DATED: March 11, 2022

David C. Nye
Chief U.S. District Court Judge